UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALBERT GLOVER,

Plaintiff,

-against-

PLANET HOME LENDING LLC,

Defendant.

26-CV-6061 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the court's federal question jurisdiction and asserting claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and state law. Named as Defendant is Planet Home Lending, LLC. By order dated September 11, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. On November 5, 2026, however, Plaintiff paid the filing fees to bring this action and filed a motion to vacate his IFP status. (ECF 8.) For the reasons set forth below, the Court grants Plaintiff's motion to vacate his IFP status and dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (per curiam) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v.*

*County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 678.

**BACKGROUND**

Plaintiff brings this action under the court's federal question jurisdiction, asserting claims under the FDCPA. As an initial matter, the complaint appears to be a form complaint that Plaintiff has only partially completed with information specific to his claims. For example, he alleges, "On or about [Date], Plaintiff entered into a loan transaction with Defendant [Bank Name] regarding property located at [Property Address] (the "Property")." (ECF 1, at 2 (brackets

in original).) Despite the incompleteness of the complaint form, the Court can glean the following allegations.[1]

On an unspecified date, Plaintiff "entered into a loan transition" with Defendant regarding unspecified property. (*Id.*) In connection with the transaction, Plaintiff executed a promissory note and a "mortgage/deed of trust."[2] (*Id.*) Plaintiff alleges that the note was "represented to Plaintiff as evidence of a loan of [Amount] dollars to be disbursed to Plaintiff for the purchase/refinance of the Property." (*Id.* (brackets in original).) Plaintiff asserts "[u]pon information and belief" that "no lawful funds were ever disbursed by Defendants to Plaintiff. Instead, Defendants used Plaintiff's promissory note as collateral to borrow funds from the Federal Reserve or other banking institutions, a process known as 'monetization' of the promissory note." (*Id.*) Plaintiff maintains that "Defendants failed to disclose" to him that his promissory note would be "monetized." (*Id.*)

Plaintiff further alleges "[u]pon information and belief" that the "Note and Mortgage have been separated, with the Note held by one entity and the Mortgage held by another." (*Id.*) He asserts that "any attempt by Defendants to enforce the Mortgage or collect on the Note after such separation is a legal nullity." (*Id.* at 3.)

Plaintiff also asserts that because "no lawful funds were disbursed by Defendants to Plaintiff," the contract is "void for lack of consideration." (*Id.*)

With respect to debt collection, Plaintiff alleges, "Defendants have engaged in debt collection activities against Plaintiff, including but not limited to [describe specific actions:

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] Plaintiff states that copies of these documents are attached to the complaint as Exhibits A and B. However, there are no exhibits attached to the complaint.

letters, phone calls, threats of foreclosure, negative credit reporting, etc.].” (*Id.* at 4 (brackets in original).) Furthermore, “Defendants have failed to provide Plaintiff with proper validation of the debt, including the full amount of the debt and documentation establishing Defendants’ lawful ownership of the right to collect the Note” and “have failed to disclose that the dent was created through the monetization of Plaintiff’s own promissory note.” (*Id.*)

Plaintiff seeks damages as well as declaratory and injunctive relief.

## DISCUSSION

### A. Claims under the Fair Debt Collection Practices Act

The FDCPA prohibits a debt collector from engaging in, among other things, (1) harassing, oppressive, or abusive collection practices, 15 U.S.C. § 1692d, and (2) deceptive and misleading practices, 15 U.S.C. § 1692e. The FDCPA defines a debt collector governed by the statute as a person “who regularly collects . . . debts owed or due . . . another,” or as a person involved “in any business the principal purpose of which is the collection of any debts.” 15 U.S.C. § 1692a(6). In contrast, a creditor is a person “who offers or extends credit creating a debt or to whom a debt is owed,” excluding anyone who “receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.” 15 U.S.C. § 1692a(4). A mortgage servicer is a “debt collector” within the meaning of the FDCPA “if the mortgage was in default at the time the servicer began servicing the debt.” *Zirogiannis v. Seterus, Inc.*, 221 F. Supp. 3d 292, 302 (E.D.N.Y. 2016), *aff’d*, 707 F. App’x 724 (2d Cir. 2017). “[W]here a mortgage servicer obtains a loan that is not in default,” it is not a debt collector. *Id.*; *see also Alibrandi v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82, 83–84 (2d Cir. 2003) (“Debt servicing can be conducted before a debt goes into default, and the FDCPA only [applies to] . . . ‘debt collectors’ who, by definition, attempt to collect debts in default.”).

Here, although Plaintiff asserts that Defendant is a "debt collector" within the meaning of the FDCPA, he alleges no facts in support of this conclusion. Plaintiff alleges that Defendant is a "national banking association" (ECF 1, at 1) from which he "entered into a loan transaction" to borrow money (*id.* at 2). These allegations suggest that Defendant is a "creditor" under the statute, *see* 15 U.S.C. § 1692a(4), and creditors attempting to collect a debt owed to themselves generally are not subject to the FDCPA. *See, e.g.*, *Errato v. Bendett & McHugh, PC*, No. 3:23-CV-1674 (OAW), 2025 WL 1475508, at *3 (D. Conn. May 21, 2025) ("Citizens Bank is a creditor—not a debt collector—within the meaning of the [FDCPA] because it seeks to collect on its own debt owed by Plaintiff through the mortgage loan agreement."). Plaintiff alleges no facts suggesting that Defendant regularly collects debts owed to another, rather than debts owed to itself. To the extent Plaintiff is attempting to assert that Defendant qualifies as a debt collector because it services his mortgage, he alleges no facts suggesting that his mortgage is in default and, if so, that Defendant obtained the mortgage after it was in default. Because Plaintiff has not alleged facts showing that Defendant is a debt collector within the meaning of the FDCPA, the Court dismisses his claims under the FDCPA for failure to state a claim on which relief may be granted. The Court grants Plaintiff 30 days' leave to replead his FDCPA claims in an amended complaint.

**B. Claims under state law**

Plaintiff's remaining claims for fraud, breach of contract, and unjust enrichment arise under state law. To bring a state law claim in federal court, a plaintiff must either allege facts demonstrating that the court has diversity of citizenship jurisdiction of the action, or, if the plaintiff asserts a viable federal claim, the court can exercise supplemental jurisdiction of the state law claims.

### 1. Diversity of citizenship jurisdiction

To establish diversity of citizenship jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendants are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the state where he or she is domiciled, which is defined as the place where the individual "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* A corporation is both a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *see also Moran v. Proskauer Rose LLP*, No. 1:17-CV-0423, 2017 WL 3172999, at *3 (N.D.N.Y. July 26, 2017) (holding that a limited liability partnership retains the state citizenships of all of its members).[3]

In addition, to establish diversity jurisdiction, a plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006). The sum claimed by a plaintiff will control if the claim of value is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The Court can dismiss a diversity action for failing to plead that the amount in controversy

[3] Because a limited liability company is not a corporation, the rule for determining the citizenship of a corporation is inapplicable to determining the citizenship of a limited liability company. *See, e.g.*, *Ali v. Am. Univ. of Antigua, Inc.*, No. 1:25-CV-2065 (LTS), 2025 WL 897043, at *4 (S.D.N.Y. Mar. 24, 2025).

exceeds the sum or value of $75,000, but only if there is "a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke [diversity] jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982). "A plaintiff seeking to invoke diversity jurisdiction 'cannot meet its burden of proof with mere conclusory allegations of indirect or speculative value.'" *Chavez v. Maker*, No. 18-CV-7965 (RA) (GWG), 2019 WL 4926348, at *4 (S.D.N.Y. Oct. 7, 2019) (citation omitted), *report & recommendation adopted sub nom.*, *Chavez v. Wylie*, No. 18-CV-7965 (RA), 2019 WL 6873806 (S.D.N.Y. Dec. 17, 2019), *appeal dismissed*, No. 20-383, 2020 WL 4332758 (2d Cir. May 28, 2020); *see Weir v. Cenlar FSB*, No. 7:16-CV-8650 (CS), 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible" (citation omitted)).

Here, Plaintiff alleges that he is a citizen of the State of New York. (ECF 1, at 1.) He alleges that Defendant, which is an LLC, maintains a principal place of business in the State of Connecticut.[4] Plaintiff, however, does not allege the citizenship of each of the Defendant LLC's members. Plaintiff therefore has not demonstrated diversity of citizenship between the parties.

Furthermore, Plaintiff does not state the amount of damages he is seeking, and it is unclear from his allegations whether his claims are worth more than the $75,000 jurisdictional

[4] The complaint form that Plaintiff uses appears to include language stating that Defendant is a "national banking association." (ECF 1, at 1.) Because Defendant is an LLC, it is unlikely that it is a national banking association. National banking associations are "deemed citizens of the States in which they are respectively located," that is, the State designated in the national banking association's "articles of association as its main office." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006) (relying on 28 U.S.C. § 1348). Even if the Court assumes that Defendant is a national banking association, Plaintiff has not alleged which state its articles of association identifies as its main office.

threshold. The Court therefore lacks diversity jurisdiction to consider Plaintiff's claims under state law.

**2. Supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the Court cannot say that amendment is futile at this stage, the Court grants Plaintiff 30 days' leave to replead his claims in

an amended complaint that either alleges facts sufficient to state a viable federal claim or facts demonstrating that the Court has diversity jurisdiction to consider any state law claims Plaintiff may be asserting.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Because Plaintiff has paid the filing fees to bring this action, the Court grants his motion to vacate his IFP status. *See* 28 U.S.C. § 1915(a)(1).

The Court dismisses the complaint for failure to state a claim on which relief may be granted, with 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of Plaintiff's claims under state law. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: November 11, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.